# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS, SR., | CASE NO. 1:12-cv-00295-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| DR. GREEN, et al., | |
| Defendants. | (Doc. 9) |

## Second Screening Order

**I.     Screening Requirement and Standard**

Plaintiff Michael Thomas, Sr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 10, 2012. On October 3, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on October 26, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader
2  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic
5  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
6  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
7  (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal
8  conclusions are not. Iqbal, 556 U.S. at 678.

9  Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt
10 resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler,
11 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive
12 screening, which requires sufficient factual detail to allow the Court to reasonably infer that each
13 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks
14 omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that
15 a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
16 satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572
17 F.3d at 969.

**II.  Discussion**

19 Plaintiff is currently incarcerated at California Medical Facility in Vacaville, and he brings
20 this action against Mercy Hospital officers, doctors, and head nurse Pitts; and Doctor Green, Doctor
21 Chokatos, and Ms. Hansom at Pleasant Valley State Prison (PVSP). Plaintiff may also be attempting
22 to sue the California Department of Corrections and Rehabilitation (CDCR). Plaintiff's claims arise
23 out of an incident at Mercy Hospital in which he was beaten by officers and from the failure to attend
24 to his medical needs and transfer him out of PVSP, which is in an area endemic for Valley Fever.

**A.  Claim Against CDCR**

26 Although it is not entirely clear if CDCR is a named defendant, any claims against CDCR
27 are barred by the Eleventh Amendment. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir.
28 2010); Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, to the

extent Plaintiff intended to name CDCR as a party, it is dismissed from the action, with prejudice, for failure to state a claim.

**B.     Claim Arising From Events at Mercy Hospital**

Although Plaintiff's allegations are somewhat vague and disjointed, between his allegations and exhibits, the Court is able to ascertain that Plaintiff claims he was beaten by officers at Mercy Hospital for throwing a tray.  This claim, however, is being litigated in case number 1:11-cv-01140-DLB Thomas v. Mercy Hospital of Bakersfield and it may neither be simultaneously litigated nor re-litigated in this case.  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051-52 (9th Cir. 2005).  Accordingly, Plaintiff's claim arising out of the alleged beating at Mercy Hospital is dismissed, with prejudice, as duplicative of the claim at issue in case number 1:11-cv-01140-DLB.

**C.     Eighth Amendment Claim**

Finally, Plaintiff alleges that he was not provided with proper medical care and for eight years, prison officials failed to transfer him from PVSP even though he was at high risk for contracting Valley Fever.  Plaintiff alleges that he is blind in his left eye, has Valley Fever in his brain, and is claustrophobic; and in a letter to the Prison Healthcare Receivership, Plaintiff stated that he is paraplegic, he suffers from seizures, and he had an aneurysm, a stroke, and a heart attack.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial

1  risk of harm to their health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d
2  1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan,
3  465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

4  For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical
5  need by demonstrating that failure to treat [his] condition could result in further significant injury
6  or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need
7  was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096
8  (9th Cir. 2006)).

9  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's
10 pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122
11 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which
12 entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012)
13 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be
14 shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may
15 be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122
16 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

17 Plaintiff's amended complaint sets forth no facts supporting a claim that Defendants Green,
18 Chokatos, Hansom, or any other prison official acted with deliberate indifference to his medical
19 needs or to a risk of harm to his health arising out of his placement and retention at PVSP.
20 Plaintiff's disagreement with the courses of treatment chosen to address his medical needs and with
21 his prison placement is not sufficient to support an Eighth Amendment claim. Snow, 681 F.3d at
22 987-88; Wilhelm, 680 F.3d at 1122-23.

23 **III.    Conclusion and Order**

24 Plaintiff's amended complaint fails to state a claim upon which relief may be granted under
25 section 1983.  Plaintiff's claims against CDCR and arising out of events at Mercy Hospital are
26 barred, and Plaintiff was previously given notice of the deficiencies in his Eighth Amendment claim
27 and the opportunity to amend.  However, Plaintiff was unable to cure the deficiencies and further
28 leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez

4

v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   March 27, 2013**                    /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE